IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHUNSTON S. SEAFORTH, BOTH VESSELS, C/O SHUNSTON SEAFORTH - LIVING MAN; AND VIVIAN C. ELITHORP, BOTH VESSELS, C/O VIVIAN ELITHORP - LIVING WO-MAN; | § § § § § § § § | 5:24-CV-00576-FB-RBF |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| LOANCARE, LLC, AND/OR ITS SUCCESSORS, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITY, AN ENS LEGIS BEING USED TO CONCEAL FRAUD; | § | |
| *Defendant.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, *See* Dkt. No. 21. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 4. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, *See* Dkt. No. 21, should be **GRANTED IN PART AND DENIED IN PART**, as discussed further below.

The **hearing** set on November 1, 2024, which was **continued until November 4, 2024, at 12:00 p.m.**, is **CANCELLED**, and the parties are excused from attending.

At issue is Plaintiffs' request for temporary injunctive relief pending resolution of the merits of their claims. To the extent Plaintiffs seek an Order from the Court enjoining *pending judicial* proceedings in state court, any such request runs afoul of the Anti-Injunction Act and binding Fifth Circuit precedent. *See Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990). It is therefore recommended that the request be denied in that regard.

To the extent Plaintiffs seek a temporary restraining order barring further *nonjudicial* proceedings in connection with the foreclosure and sale of the property at issue, the Court is inclined to recommend the grant of such relief under the unique circumstances presented here.

Rule 65(c) allows a court to "issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Included in the Court's discretion when setting a security bond is the ability to "require no security at all." *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015) (quoting Ka*epa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)).

The Court set this matter for a hearing to be held on November 1, 2024. Plaintiff Seaforth appeared, as did counsel for Defendant. The Court therefore provided Defendant an opportunity to be heard. Defendant also filed a response to Plaintiffs' motion and so was heard in that regard as well. At the hearing, counsel for Defendant was unable to say whether her client had initiated proceedings of this nature and whether they were judicial or nonjudicial in nature. That lack of information is of significant concern to the Court. Plaintiffs indicated they received a letter stating that proceedings of some nature, perhaps a sale, would take place on November 5, 2024. Plaintiffs indicated that their injury, loss of their home, would be irreparable and is imminent. The likelihood of Plaintiffs' success on the merits is minimal, however the harm to Defendants

from a temporary order of this nature does not appear significant and is rendered insignificant in the Court's calculus by Defendant's inability to provide the Court with information about events anticipated to take place on November 5, 2024, if such events involve Defendant. If no sale or other action by Defendant is set to take place on November 5, then Defendant will not be harmed in any way by this Court's ruling. If, in contrast, Defendant is set to participate in or prosecute some action on November 5, Defendant should have been prepared to so inform the Court at the hearing.

Temporary relief to Plaintiffs is granted here primarily because Defendant was unable to explain to the Court what, if anything, is set to take place on November 5. Although counsel for Defendant at the hearing seemed to indicate initially that it is unlikely her client is participating in ongoing foreclosure proceedings, she seemed to pull back from that position once Plaintiff Seaforth read a letter to her that was sent to him. Moreover, the Court wishes to protect its jurisdiction, and the Court does not wish to encourage parties to profess a lack of knowledge concerning matters of this sort, especially when events are as fast-moving as they are here.

Accordingly, for these reasons, and to preserve the *status quo* and this Court's jurisdiction, Defendant Loancare, LLC is temporarily restrained from participating in or pursuing any nonjudicial action in connection with the property that is at issue in this litigation, pending further order of the Court or expiration of this Order without renewal.

This Order is issued at 12:15 p.m. on November 1, 2024.

This Order shall expire as of 12:15 p.m. on November 15, 2024.

Due to the unique circumstances presented, the Court in its discretion sets bond at $1.00 and requires posting of this bond by Plaintiff at or immediately following the scheduled November 15, 2024, hearing.

3

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, *See* Dkt. No. 21, be **GRANTED IN PART AND DENIED IN PART**.

Further, a **HEARING** is **SET** for **November 15, 2024, at 2:00 p.m.**, to address a preliminary injunction. The hearing will be in-person at the U.S. Courthouse, 262 West Nueva St., San Antonio, Texas 78207. Counsel and parties should consult the monitors in the courthouse on the day of the hearing for information about the specific courtroom in which the hearing will be held.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

      **IT IS SO ORDERED**.

SIGNED this 1st day of November, 2024.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE